NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

BERTHA KALESAVICK, PETITIONER, v. UNITED STATES
METALS REFINING COMPANY, RESPONDENT.

For the petitioner, *Jacob Mantel.*

For the respondent, *James J. Skeffington.*

I find as a fact that Charles Kalesavick, the deceased, on the 29th day of May, 1928, while in the silver furnace room, observing the operation of the said furnace, by a fellow-employe, but not taking any part in the said operation, suddenly collapsed and fell to the floor of the furnace room, striking his head on the flooring, suffering a fracture at the base of the skull resulting in his death three (3) days later.

That it is alleged in the claim petition that the decedent fell from a ladder and this is not corroborated by any testimony produced by either the petitioner or the respondent.

That there is no evidence produced to indicate that there was any accidental occurrence, causing the decedent to collapse during the course of his employment.

That the decedent was at the time of his collapse standing on the level flooring of the furnace room, and that in the fall did not strike any object other than the floor upon which he was standing, indicating that the decedent had not been placed in a hazardous position by reason of his employment; further,

That there was no testimony to indicate that there was any gas or fumes that could be considered as the cause of decedent's collapse.

That at the time of the decedent's observance of the operation of the silver furnace, and at the time of his collapse, there was no fire in this furnace.

That the testimony of the attending physician showed that the probable cause of this man's collapse to be a stomach disorder, namely, gastritis due to alcoholism.

The medical testimony of the attending physician further showed that heat was not the probable cause of this man's collapse and subsequent fall or death.

The testimony showed that the deceased suddenly crumpled up and fell to the floor as he stood watching the other man. There was no proof of any untoward event or accident as laid down in the case of Bryant *v.* Fissel, and as the court said in the case of *Reimers* v. *Proctor Publishing Co.,* 85 *N. J. L.* 441: "The burden of proving that death was caused by accident arising out of and in the course of his employment is under the Workmen's Compensation act of 1911 upon the petitioner, and where the physician in attendance refused to state that death was caused by the accident, there is no basis for an inference to that effect by the court."

The testimony of the physician attending the deceased at the time of his demise was clear that the fall was not caused by an accident or any external force, but due rather to an inherent weakened condition.

The testimony of Mrs. Kalesavick showed that he had been ill with stomach trouble before this time, and after examining all the testimony and observing the demeanor of the witness, I am satisfied that the petitioner has not sustained the burden of proving an accident arising out of and in the course of the employment.

* * * * * * *

CHARLES E. CORBIN,
*Deputy Commissioner.*